[Cite as *State v. Thompson*, 2022-Ohio-2413.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                          Nos. 111059

    v.                           :

DAVID A. THOMPSON,                       :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 14, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653719-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan M. Sidney, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant David Thompson appeals the trial court's imposition of an indefinite sentence under the Reagan Tokes Law.[1] Upon review, we affirm.

{¶ 2} Thompson was charged under a six-count indictment. In accordance with a plea agreement, Thompson entered a plea of guilty to Count 4, voluntary manslaughter, a felony of the first degree in violation of R.C. 2903.03(A); Count 5, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2); and Count 6, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1). Counts 1, 2, and 3 were nolled. There was a recommended sentencing range of 12 to 18 years.[2] The trial court indicated that it would consider the recommended sentencing range, but also indicated "whatever the minimum is could be increased by 50% because of Reagan Tokes."

---

[1] Under the Reagan Tokes Law, qualifying first- and second-degree offenses committed on or after March 22, 2019, are subject to the imposition of an indefinite prison sentence. The law specifies that these terms will consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by formulas set forth in R.C. 2929.144.

[2] Presumably, the jointly recommended sentencing range represented the total minimum sentence that was agreed upon. Where a jointly recommended sentence or sentencing range is subject to an indefinite prison term, the preferred practice is to state the agreed minimum prison term or the agreed minimum sentencing range and for the parties to either specifically include the maximum prison term, if known, or to at least indicate that the maximum term will be calculated from the agreed minimum in accordance with the formulas set forth in R.C. 2929.144(B). In this case, the trial court clarified this on the record.

{¶ 3} At sentencing, the trial court indicated that Thompson had "four or five pages of priors," it appeared that "this is [Thompson's] 41st case," and he had been to prison nine times. The trial court noted some of the prior offenses, which included prior violent offenses. The assistant prosecutor provided a rendition of the facts involved in this case. Thompson and the voluntary-manslaughter victim got off a bus at an RTA station at the same time. They did not know each other. Thompson interjected himself into a conversation between the victim and a female, and an argument ensued. At some point, Thompson walked away, only to return with a knife. He stabbed the victim with the knife, kicked the victim, and stabbed the victim a second time. The victim died that day from the deep knife wounds that were inflicted by Thompson. The incident was captured on video. Thompson discarded the knife, along with clothing he was wearing at the time of the stabbing. When he was apprehended, he was wearing the same distinct shoes and had blood on his hands. He acknowledged he was the person that stabbed the victim. During the stabbing, a passerby attempted to intervene, but Thompson threatened him with the knife and chased him.

{¶ 4} The trial court sentenced Thompson to a prison term of 11 years on Count 4, 7 years on Count 5, and 1 year on Count 6. The court ordered Counts 4 and 5 to run consecutive to each other, but concurrent to Count 6. The trial court advised Thompson of the Reagan Tokes Law and indicated that the indefinite prison term

on Count 1 would be 11 to 16.5 years. The trial court included the sentence imposed on each count in the sentencing entry.[3]

{¶ 5} At the sentencing hearing, the judge indicated that he had previously found the Reagan Tokes Law to be unconstitutional, but he was imposing an indefinite sentence in case the Reagan Tokes Law were to be upheld so that Thompson would not need to be resentenced. The court then noted that it "found it to be objectionable," stating as follows:

> I find it to be objectionable and unconstitutional and permit the defendant to join on the appeal that is being -- he can be represented by either the Ohio Public Defender's Office or the Cuyahoga County public defender's office has issued or instituted an omnibus appeal on that issue. I will let him join in on that appeal. He is credited for jail time served.

{¶ 6} Thompson timely filed this appeal. He raises two assignments of error for review, under which he challenges the constitutionality of the Reagan Tokes Law and claims he received ineffective assistance of counsel for any failure to object to the sentence imposed under the Reagan Tokes Law, in the event the challenge was not preserved.

---

[3] We note that the sentencing entry states the indefinite term on Count 4 of 11 to 16.5 years. Because Counts 4 and 5 are qualifying felonies that were run consecutively, pursuant to R.C. 2929.144(B)(2), the court should "add all of the minimum terms imposed * * * that are to be served consecutively * * *, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced." Here, although the practical effect may be the same given the consecutive nature of the sentence, the maximum term imposed should have been calculated as 23.5 years (11 + 7 + 5.5). We also note that, although not necessary, the sentencing entry states the total of the minimum terms imposed on Thompson for all counts as "a total of 18 years." The better practice is to state this as the "total of the minimum prison terms imposed."

{¶ 7} Thompson maintains that the trial court's statement addressing the constitutionality of the Reagan Tokes Law obviated the need for further objection. Thompson contends that the Reagan Tokes Law violates his constitutional right to trial by jury, the separation-of-powers doctrine, and due process. He seeks to preserve the issues raised. To the extent that the issues raised on appeal were not preserved before the trial court, Thompson claims his sentencing under the Reagan Tokes Law constitutes plain error or, in the alternative, his counsel was ineffective in failing to object.

{¶ 8} Regardless of whether we find the trial court's statement obviated the need for Thompson to state an objection to the constitutionality of the Reagan Tokes Law or we exercise our discretion and review for plain error, Thompson's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), which rejected the challenges to the Reagan Tokes Law raised in this appeal. Therefore, we find that Thompson's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights and we overrule his assignments of error.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR


N.B.  Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie,* 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.).